## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES WILLIAMSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 15-578** |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                          **March 14, 2016**

Plaintiff, a Philadelphia Fire Captain, has filed suit against the City of Philadelphia and the former fire commissioner, alleging that he was denied a promotion in retaliation for filing an earlier lawsuit and for filing a grievance, and as a result of racial discrimination. Defendants have moved to dismiss the Amended Complaint. For the following reasons, the motion will be granted.

## I.  BACKGROUND

The Amended Complaint concerns the application process for a promotion to Fire Battalion Chief in September of 2012.[1] Two years earlier, Plaintiff had filed a state-court lawsuit alleging systemic irregularities and racial discrimination in the administration of Fire Battalion Chief promotional exams.[2] The lawsuit was resolved against Plaintiff on February 4, 2011.[3] More than 18 months later, on September 17, 2012, Plaintiff received an announcement of an exam for promotion from Captain to Battalion Chief, with a closing date of September 28, 2012,

---

[1] Am. Compl. ¶ 17.

[2] Am. Compl. ¶ 9.

[3] Am. Compl. ¶ 16.

and a requirement that the applications be completed online.[4]  Plaintiff and four other applicants attempted to fill out the online application to be placed on the eligibility list, but they were unable to complete it because of problems with the online system.[5]  The applicants complained to their union, which initiated a grievance.[6] While the grievance being arbitrated, the applicants were allowed to take the promotional exam.[7] After the grievance was denied, the scores of the five applicants were dismissed.[8]  Plaintiff alleges that Defendants retaliated again him for filing the 2010 lawsuit and filing the grievance, and discriminated against him on the basis of race.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[9]  In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[10]  Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[11]  Something more than a mere *possibility* of a claim must be alleged; a

---

[4] Am. Compl. ¶¶ 17-18.

[5] Am. Compl. ¶¶ 21-22.

[6] Am. Compl. ¶¶ 23, 27.

[7] Am. Compl. ¶ 32.

[8] Am. Compl. ¶ 36.

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[10] *ALA, Inc. v. CCAIR, Inc*., 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll*., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[11] *Twombly*, 550 U.S. at 555, 564.

plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[12]  The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[13]  In deciding "a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."[14]  A motion to dismiss may be granted if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."[15]

## III.    DISCUSSION

### A.    Retaliation

To state a § 1983 claim for retaliation for exercising his First Amendment rights, a plaintiff must allege facts demonstrating that 1) he engaged in activity which is protected by the First Amendment; 2) the defendants retaliated against the plaintiff in a manner that would be sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and 3) the protected activity was a substantial factor in the adverse employment action.[16] As a public employee, in pleading the first element, Plaintiff must allege, *inter alia,* that he spoke as a private citizen on a matter of public concern.[17] Because he names an individual, he must allege that this Defendant "individually participated or acquiesced in each of the alleged constitutional

---

[12] *Id.* at 570.

[13] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[14] *PBGC. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[15] *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).

[16] *Morris v. Philadelphia Hous. Auth.*, 487 F. App'x 37, 39 (3d Cir. 2012); *Thomas v. Independence Twp.*, 463 F.3d. 285, 296 (3d Cir. 2006).

[17] *Connick v. Myers*, 461 U.S. 138, 142-43 (1983).

violations."[18] Although Defendants dispute that Plaintiff engaged in protected activity, the Court will assume for purposes of the motion to dismiss that the lawsuit and grievance were protected activity, and that the removal from the eligibility list for the promotion was an adverse employment action.[19] Thus, the question is whether Plaintiff plausibly alleged a causal connection. The Court concludes that he has not.

In order to demonstrate the requisite causal link, plaintiffs typically must allege either "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link."[20] With regard to the 2010 lawsuit, there is no temporal proximity between the conclusion of the earlier lawsuit and the adverse action, and no allegations of any intervening antagonism. In addition, Plaintiff alleges that he was treated the same as four other fire captains who were unable to complete the online application, which raises a clear inference that the lawsuit was not the factor motivating Defendants' actions. With regard to the filing of the grievance, Defendants' actions cannot logically constitute retaliation. Plaintiff's union filed the grievance challenging the application procedure for the promotion; once the grievance was denied, Defendants removed Plaintiff from the promotion list as the decision permitted them to do. The retaliation claims will be dismissed.

### B. Racial Discrimination

To state a claim for discrimination based on race, Plaintiff must allege that (1) he is a member of a protected class; (2) he was qualified for the promotion he sought; (3) he was not

---

[18] *Smith v. Centr. Dauphin Sch. Dist.,* 355 F. App'x 658, 667 (3d Cir. 2009).

[19] *See Lee v. City of Phila.*, No. 13-510, 2014 WL 736185, at *3 (E.D. Pa. Feb. 26, 2014).

[20] *Alers v. City of Philadelphia*, 919 F. Supp. 2d 528, 555 (E.D. Pa. 2013) (citing *Lauren W. (ex rel. Jean W.) v. DeFlaminis,* 480 F.3d 259, 267 (3d Cir. 2007)).

promoted; and (4) the non-promotion occurred under circumstances that give rise to an inference of discrimination.[21]  Plaintiff has alleged the first three elements, but has alleged no facts that would give rise to an inference of discrimination.  The Amended Complaint alleges that the applicants who were unable to complete the online application were all the same race, but does not allege any actions by Defendants that interfered with the application process, or that any other applicants for the promotion to Fire Battalion Chief were treated more favorably than he was.  Therefore, the discrimination claim also will be dismissed.

## C.    Amendment

In civil rights cases, "district courts must offer amendment – irrespective of whether it was requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."[22]   In this case, Plaintiff has already amended once as of right, in response to Defendants' first motion to dismiss.  Plaintiff has not requested leave to amend a second time; however, the Court will grant Plaintiff the opportunity to file a motion for leave to file a Second Amended Complaint.[23]  An order will be entered.

---

[21] *McDonnell Douglas Corp v. Green,* 411 U.S. 792, 802-03 (1979).

[22] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

[23] Defendant did not move for dismissal on the issue of whether Plaintiff properly exhausted his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") as to the Title VII claims. From the Amended Complaint and the attachments thereto, there appears to be some question as to whether the EEOC proceedings were commenced within the required time period.  If Plaintiff chooses to file a motion for leave to amend, this question would be relevant in determining whether further amendment would be futile.  *See Spence v. Straw,* 54 F.3d 196, 200 (1995) ("[W]hen Title VII remedies are available, they must be exhausted before a plaintiff may file suit.").